UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1)  FRANCIS F. MERLISS, and | ) | |
| | ) | |
| 2)  JILL MERLISS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.:  CIV-15-1115-HE |
| | ) | (Oklahoma County District |
| 1) CSAA FIRE & CASUALTY | ) | Court Case No.: CJ-2015-4986) |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, CSAA Fire & Casualty Insurance Company ("CSAA"), hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to this Court. Pursuant to LCvR 81.2(a), a copy of the State docket sheet as well as all documents filed or served in the State Court action are attached hereto as **EXHIBITS 1-5**. CSAA has neither received nor filed other pleadings or papers in this case.

The removal of this case to federal court is based on the following:

### FACTUAL BACKGROUND

1.      Plaintiffs, Francis F. Merliss and Jill Merliss ("Plaintiffs"), commenced this action against CSAA in the District Court of Oklahoma County, State of Oklahoma (Case No. CJ-2015-4986), on or about the 11th day of September, 2015.  (*See generally*, Petition, **EXHIBIT 5**.)

2.     Plaintiffs allege that on or about December 25, 2014, their home was damaged by a loss covered under the insurance policy issued to them by CSAA.  (*See* Petition, ¶ 3, **EXHIBIT 5**.)

3.     Plaintiffs further assert that they submitted a claim to CSAA, made the premises available for inspection, cooperated in CSAA's investigation of their claim and otherwise complied with all conditions precedent to recovery under the CSAA insurance policy.  (*See* Petition, ¶ 4, **EXHIBIT 5**.)

4.     According to Plaintiffs, CSAA breached the insurance contract and the implied covenant of good faith and fair dealing ("bad faith") by, among other things, "failing and refusing payment of all coverage damage and other policy benefits" and "failing to properly investigation Plaintiffs' claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information and refusing reinspection."  (*See* Petition, ¶ 5, **EXHIBIT 5**.)

5.     As a result of the alleged breach of contract and bad faith, Plaintiffs seek "compensatory and punitive damages, with interests and costs of this action, for reasonable attorney fee, and for such other relief as may be appropriate."  (*See* Petition, p. 3, **EXHIBIT 5**.)

6.     Plaintiffs seek damages "in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code."  (*See* Petition, p. 3, **EXHIBIT 5**.)

7.     CSAA denies Plaintiffs' contentions, and it denies that it is liable for any purported breach of contract and/or bad faith damages.

## COMPLETE DIVERSITY EXISTS

8.     "'Federal Courts are courts of limited jurisdiction.  They possess only the power authorized by the Constitution and statute . . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction.

9.     At the time the Petition was filed, federal question jurisdiction did not exist. Specifically, there were no allegations that the Constitution or any federal statute had been violated.  (*See generally,* Petition, **EXHIBIT 5**.)

10.     However, as of the moment Plaintiffs filed their Petition, diversity jurisdiction existed.  As shown below, pursuant to 28 U.S.C. § 1332(a)(2), this is a civil action over which this Court has original jurisdiction.  Specifically, this case is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

11.     At the time of filing, the relevant time period, upon information and belief, Plaintiffs were residents and citizens of the State of Oklahoma.  *See Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004) (stating that jurisdiction depends upon the state of things at the time of filing).  (*See* Declaration Page, Policy No. HO5-003607916, **EXHIBIT 6**.)  Plaintiffs were not citizens of the State of Indiana or California.

12.     For purposes of diversity jurisdiction, a corporation shall be deemed a citizen of any State in which it has been incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c).  While Congress never exactly defined "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center."  *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010).

13.     At the time of filing, CSAA was a foreign corporation, incorporated under the laws of the State of Indiana with "nerve center" or "principal place of business" in California.  Thus, CSAA was deemed to be a citizen of Indiana and California.  CSAA was not a citizen of the State of Oklahoma.

14.     As Plaintiffs and Defendant are citizens of different states, the complete diversity requirement of 28 U.S.C. § 1332 is met.

## THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

15.     Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In the present case, this requirement is also met.

16.     The Tenth Circuit Court of Appeals has explained "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed."  *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiffs are seeking in excess of $75,000.00.

17.     Specifically, "Plaintiffs pray for judgment against Defendant, CSAA Fire & Casualty Insurance Company, for compensatory and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.  The amount sought as damages [is] in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code."  (Petition, p. 3, **EXHIBIT 5**.)

18.     Therefore, based on the foregoing, the amount in controversy requirement is met.

## REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

19.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed with this Court.  Specifically, it has not been 30 days since CSAA was served with this lawsuit. (*See* Letter from CT Corporation transmitting the Summons and Petition, dated September 17, 2015, **EXHIBIT 7**.)

20.     Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See generally,* Petition, filed on September 11, 2015, **EXHIBIT 5**.)

21.     This Notice of Removal has been removed to the proper federal district court. The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Oklahoma County, State of Oklahoma.  The Western District of

Oklahoma includes the county of Oklahoma County.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

22.    Pursuant to 28 U.S.C. § 1446(d), CSAA will serve written notice of the filing of this Notice of Removal upon Plaintiffs.  CSAA has filed a copy of the Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

WHEREFORE, the Defendant, CSAA Fire & Casualty Insurance Company, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States Court for the Western District of Oklahoma.

Respectfully submitted,

s/ Erin J. Rooney
Gerard F. Pignato, OBA No. 11473
R. Thompson Cooper, OBA No. 15746
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER
  & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    405-606-3333
Facsimile:     405-606-3334
Email: Jerry@pclaw.org
         Tom@pclaw.org
         erin@pclaw.org
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Steve S. Mansell, Esquire
Mark Engel, Esquire
Kenneth G. Cole, Esquire

I hereby certify that on October 6, 2015, I served the same document by U.S. Postal Service on the following who is not a registered participant of the ECF system:

Tim Rhodes, Court Clerk                     *VIA U.S. MAIL*
Oklahoma County Court Clerk
409 County Office Building
320 Robert S. Kerr Avenue
Oklahoma City, Oklahoma 73102


s/ Erin J. Rooney
For the Firm